IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-60543
Conference Calendar

———————————

TRACY CAGLE,

Plaintiff-Appellant,

versus

JAMES V. ANDERSON, Commissioner,
Mississippi Department of Corrections;
LARRY HARDY; WALTER BOOKER; ANETT TOWSAND;
BARBARA BAILY,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-70-P-A
---------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Tracy Cagle, Mississippi prisoner # 78484, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Cagle's placement in administrative segregation did not "impose[] atypical and significant hardship on [Cagle] in relation to the ordinary incidents of prison life."  See Sandin v. Conner, 515 U.S. 472, 480-84 (1995).  Cagle may not challenge the loss of

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

good-time credits in this 42 U.S.C. § 1983 action. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc). Rather, Cagle must raise this claim in a federal habeas petition. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Clarke, 154 F.3d at 189. To the extent that Cagle sought damages as a result of his loss of good-time credits, the district court did not abuse its discretion in dismissing this claim because Cagle has not shown that the disciplinary action has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 648-49 (1997).

Cagle's appeal is without arguable merit and therefore, the appeal is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Cagle is advised that the district court's dismissal of this action as frivolous and this court's dismissal of his appeal as frivolous both count as "strikes" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Cagle is also advised that if he accumulates three strikes, he will be barred from bringing a civil action or an appeal proceeding in forma pauperis unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Cagle is advised to review any pending pleadings or appeals to ensure that they do not raise any frivolous claims.

APPEAL DISMISSED; SANCTION WARNING ISSUED.